■ ALLSTATE INSURANCE COMPANY, Appellant, v. CHARLES DE CESARE, SR., et al., Defendants, and CHARLES DE CESARE, JR., Respondent.— In an action for a judgment declaring, *inter alia*, that an insured has breached his policy obligations to the insurer insofar as the co-operation clause of the policy is concerned, and for other relief, the appeal is from so much of an order as denied appellant's motion to vacate or, in the alternative, to modify respondent's demand for a bill of particulars. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.

■ MEYER A. COHEN et. al., Appellants-Respondents, v. GREELEY SQUARE BUILDING CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant. HERMAN I. ZACHARIA et al., Third-Party Defendants-Respondents-Appellants. (Action No. 1.) MEYER A. COHEN et al., Appellants-Respondents, v. GREELEY SQUARE PROPERTIES, INC., et al., Respondents-Appellants, and GEORGE BRUSSEL, JR., et al., Respondents, et al., Defendant. (Action No. 2.) — In this consolidated action, Action No. 1 was brought to recover a. brokerage commission allegedly due from the seller, Greeley Square Building Corporation, on a sale of certain real property, and Action No. 2 was brought by the same plaintiffs to recover damages for alleged wrongful acts committed to prevent them from earning their commission. Action No. 2 was commenced after a trial had been had in Action No. 1 and during the pendency of an appeal from so much of a judgment in said action as dismissed the complaint at the close of plaintiffs' case. The said judgment also dismissed the third-party complaint " without prejudice ". Upon that appeal, the judgment insofar as appealed from was reversed and a new trial was granted as to the issues raised by the complaint and the answer. No appeal had been taken from the dismissal of the third-party complaint (*Cohen* v. *Greeley Square Bldg. Corp.*, 5 A D 2d 1009). Thereafter, plaintiffs moved to consolidate the two actions, and the defendant and third-party plaintiff in Action No. 1 made a cross motion to set aside so much of the judgment as dismissed the third-party complaint. Herman I. Zacharia and Greeley Square Properties, Inc., third-party defendants in Action No. 1 and defendants in Action No. 2, appeal from so much of the order made on these motions, entered October 8, 1958, as granted the said motion and cross motion. The appeal by plaintiffs, as limited by their brief, is from so much of the same order as directed that the issues in Action No. 1 be tried first. Greeley Square Building Corporation appeals from an order entered December 3, 1958 granting a motion of the said third-party defendants to resettle the order of October 8, 1958 so as to delete therefrom a reference to two affidavits as having been considered in support of the cross motion. Order entered October 8, 1958 modified by striking therefrom item " 3 " of the ordering paragraph. As so modified, order affirmed, with $10 costs and disbursements to appellants-respondents, payable by the respondents and respondents-appellants in Action No. 2. Resettled order reversed, with $10 costs and disbursements to the third-party plaintiff-respondent-appellant, payable by the third-party defendants-respondents-appellants. In our opinion, it was an improvident exercise of discretion to direct, at this time, that the issues in Action No. 1 be tried first, and to delete the said affidavits as papers considered on the cross motion. The matter of separate and prior trial of any particular issue or issues should have been left for determination by the trial court. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.